### Samuel P. Kelly v. John Morris.

1. APPELLATE COURT PRACTICE—*The Record Must Show the Errors Assigned.*—Where an appellant assigns only, as error, the refusal of the trial court to admit certain evidence, but the record fails to show that the trial court did refuse to admit such evidence, the judgment will be affirmed.

2. VERDICTS—*On Conflicting Evidence, Conclusive.*—When a question is properly submitted to a jury and their finding is abundantly supported by the evidence, the judgment based upon it will be affirmed.

Appeal from the Circuit Court of Ford County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed February 19, 1902.

TIPTON & TIPTON and O. H. WYLIE, attorneys for appellant.

CLOUD & MOFFETT, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was an action on the case by appellee against appellant, which was tried by jury in the Circuit Court of Ford County, and resulted in a verdict and judgment in favor of appellee for $77.11. Appellant, having moved for a new trial, claiming that the verdict was not supported by the evidence, and that the court refused to admit proper evidence for him, and it being denied, preserved an exception and has brought the case to this court by appeal. In order to effect a reversal of the judgment, appellant insists that the court erred in denying his motion for a new trial.

The declaration charged that appellee, being the owner of certain land in Ford county, Illinois, rented it for a term to one Dietrich, for $275; that during the term Dietrich grew on the land a lot of corn and oats upon which appellee had the statutory landlord's lien, for his rent; that while his lien was in force, and his rent due and unpaid, appellant, with full knowledge of the lien, purchased said corn and oats of Dietrich, and wrongfully converted the same to his use, thereby intentionally and wrongfully depriving appellee of his lien thereon; that said corn and oats were of greater value than the amount owing for rent; for all of which appellee claimed damages to the amount of the rent.

Appellant pleaded not guilty.

It is admitted that all the material facts alleged in the declaration were proven, but appellant testified that he paid appellee $100 of the rent just after he purchased $216 worth of the corn, in consideration of which appellee waived all further claim to a lien on the balance of the corn and agreed with appellant, that he (appellee) would look to the oats which Dietrich then had on the land, for the balance of his rent; that Dietrich afterward sold appellant the oats at $97.89, and that amount was paid by appellant to appellee in satisfaction of his rent.

Appellee, however, denied that he waived such lien or

made any agreement with appellant concerning the rent as claimed by appellant.

Appellant offered to prove that appellee owed Dietrich the sum of $83.20 on an account for work, labor and money paid out, which was not in any way shown, or offered to be shown to have been in any manner connected with, or to have grown out of the leasing of the land, or that it was due when this suit was brought. Upon objection, the court refused to admit it, and appellant took an exception.

It is conceded by appellant in his brief filed in this court, that the rent which Dietrich agreed to pay appellee was $275, and that appellant purchased of him, corn to the value of $216.30, and oats to the value of $97.89, which together amounted to $314.19; and that appellant knew at the time, that appellee had a lien upon the grain for the rent. But it is contended that the evidence shows that in consideration of appellant paying appellee $187.89, the latter waived the lien that he held upon the grain which appellant had purchased from the tenant. It is also contended that the court erred in not permitting appellant to prove that appellee was owing his tenant on account for work and labor and money paid for him.

There can be no doubt but that appellant had a right to show, if he could, that the tenant did not owe appellee as much as $275 rent when the grain was purchased or this suit was brought, for the reason that appellee could only recover from appellant in this action, to the extent that his lien had been impaired by the wrongful act of appellant, and appellee only had such lien on the grain for the amount of rent the tenant owed appellee at the time it was converted and this suit was brought. And had appellant offered to show that appellee was indebted to the tenant at the time the grain was so converted or this suit was commenced, and that the tenant was willing that the same should be applied in favor of appellant in reduction of the rent, or that such indebtedness of appellee to his tenant grew out of any matters connected with such renting, so that in justice and right the same ought to be applied in

reduction of the rent, it would have been error for the court to reject it; but the record shows that appellant only offered to show that appellee was indebted to the tenant on an account between them for work, labor and money paid, without anything further as to time or circumstances being shown which would enable the court to see that such indebtedness ought to be applied in reduction of the rent in question, and therefore the court properly rejected it.

As to whether appellee had expressly agreed with appellant to waive the lien on the grain, as testified to by appellant, and which was expressly denied by appellee, that was a question properly submitted to the jury, and their finding in favor of appellee is abundantly supported by the evidence in this record.

As the record shows that the verdict is supported by the evidence and fails to show that the trial court refused to admit proper evidence offered by appellant, the judgment will be affirmed.